**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **JAMES CALLOWAY**, | No. 09-17280 |
| Petitioner/Appellant, | D.C. No. 02-cv-05882-rmw |
| v. | |
| **RANDY GROUNDS**, | **MEMORANDUM**\* |
| Respondent/Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Submitted July 22, 2011\*\*

San Francisco, California

Before: **TASHIMA** and **RAWLINSON**, Circuit Judges, and **HATTER**,
District Judge\*\*\*.

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.

\*\*\*    The Honorable Terry J. Hatter, Jr., Senior United States District Judge
for the Central District of California, sitting by designation.

James Calloway ("Calloway") appeals the district court's denial of his summary judgment motion and the granting of Appellee's motion to dismiss Calloway's petition for *habeas corpus*.

We review *de novo* a district court's denial of a petition for *habeas corpus*. *Estrada v. Scribner*, 512 F.3d 1227, 1235 (9th Cir. 2008). When reviewing a state court's imposition of a criminal sentence, we must "look to the last reasoned state court decision." *Van Lynn v. Farmon*, 347 F.3d 735,738 (9th Cir. 2003). Here, that decision was the unpublished California Court of Appeal opinion in *People v. Calloway*, 2002 WL 31053941 (2002). Because that decision was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this appeal is subject to the AEDPA. *See Martinez v. Garcia*, 379 F.3d 1034, 1037 (9th Cir. 2004). Accordingly, we may grant *habeas* relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision is "contrary to clearly established Supreme Court precedent if the state court applies a rule that contradicts the governing law set

2

forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of the [Supreme Court] and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

In 2001, James Calloway was charged in the San Mateo County Superior Court with willfully failing to comply with California's Sex Offender Registration Act. During trial, Calloway moved to have the jury determine whether a 1993 felony conviction for assault with a deadly weapon and with force likely to produce great bodily injury qualified as his second strike under California's three strikes law. That conviction would count as a strike only if Calloway actually inflicted great bodily injury upon his victim. The Superior Court denied the motion and ruled that such a determination was for the court to make at sentencing. After the jury returned a guilty verdict, the Superior Court made factual findings, based only on transcripts and records of Calloway's prior case, that Calloway actually inflicted great bodily injury upon his assault victim and, therefore, the 1993 assault conviction qualified as his second strike. Accordingly, the conviction for violating the Sex Offender Registration Act was Calloway's third strike. He was sentenced to a prison term of 25 years to life. The California Court of Appeal affirmed the conviction and sentence, and denied Calloway's state *habeas* petition.

3

The question we now consider is whether the Superior Court erred in not permitting the jury to determine whether Calloway actually inflicted great bodily injury upon his 1993 assault victim and, thereby, violated Calloway's clearly established constitutional right to a jury trial. Based on the recent opinion in *Wilson v. Knowles*, 638 F.3d 1213 (9th Cir. 2011), the answer to the question is yes. Thus, Calloway's petition for *habeas* relief must be granted.

**REVERSED.**